Argued July 13; reversed July 31; motion to delete part of opinion denied September 19, 1933

## NIELSEN et al. v. JENSEN
### (24 P. (2d) 350, 24 P. (2d) 1045)

*Fred E. Smith,* of Eugene, for appellants.

*Lawrence T. Harris,* of Eugene (Harris, Smith & Bryson, of Eugene, on the brief), for respondent.

KELLY, J. On May 3, 1930, in order to secure a note intended to have been dated May 3, 1930, but the purported copy of which, set forth in the mortgage, is actually dated May 3, 19230, and payable in the sum of $1,500, bearing interest at the rate of 6½ per cent per annum, to W. A. Williams, plaintiffs executed a mortgage on the real property in suit. Mr. Steven Mogensen, then an officer of the Junction City State Bank, of Junction City, Oregon, negotiated the transaction.

Sometime prior to January 1, 1932, Mr. Mogensen, suggested to Mr. Nielsen, to whom we will refer as plaintiff, that an arrangement could be effected whereby defendant would loan to plaintiff $1,500 at 6 per cent per annum upon a mortgage on said premises and the Williams loan could thereby be paid.

On January 29, 1932, pursuant to this suggestion, plaintiffs executed a note intended to have been dated January 2, 1932, and a mortgage securing the same, and left them in the possession of Mogensen.

On February 1, 1932, without paying the Williams mortgage or delivering anything to plaintiffs or crediting their account in any manner, Mogensen caused the mortgage, last mentioned, to be recorded in Lane county. It appears at page 55 of Book 84 of the Lane County Mortgage Records.

Defendant urges that plaintiffs ought not to be permitted to assert want of consideration for said note and mortgage. The ground upon which this alleged estoppel is based is that, as defendant claims, before the execution of said last mentioned mortgage, it was understood between plaintiff and defendant "that by reason of the fact that this defendant was ill at that time * * * and was not then able to get around very well, the said plaintiff, A. C. Nielsen, would attend to the matter of having the note and mortgage prepared and the said A. C. Neilsen then and there told this defendant that he, A. C. Nielsen, would go down to the bank and would personally see that the note and mortgage and papers were properly fixed up so that the mortgage to be given to this defendant, as aforesaid, would be a first mortgage".

The money which defendant believed would be applied to plaintiff's loan by Mogensen, as an officer of said bank, was part of a loan defendant understood to be secured by a note and mortgage from

one Cartwrght. Defendant's securities were in said bank, and for several years Mogensen had been handling her finances. It was through Mogensen, as defendant supposed, the Cartwright loan had been made. Mogensen testified that the loan had actually been made to his associate Mr. Murphy, who, with Mr. Pate, had received a deed of trust to the Cartwright property.

On February 11, 1932, the bank was closed and taken over by the State Superintendent of Banks.

As a further ground of estoppel, defendant alleges:

"That about the middle of March, 1932 this defendant for the first time learned that the property of the plaintiffs described in the complaint had been covered by the aforesaid Williams mortgage. That after the Junction City State Bank had been taken over by the State Superintendent of Banks the plaintiff A. C. Nielsen told the defendant about the Williams mortgage and said that the Williams mortgage had not been taken up and paid off, and also requested this defendant not to say anything about it and he, the plaintiff A. C. Nielsen, would see if he could get this straightened out; and this defendant complied with the request of said plaintiff A. C. Nielsen.

"That by reason of the matters, facts and things hereinbefore stated this defendant was led to believe and did believe that on January 2, 1932 at the time of the execution of the aforesaid promissory note and mortgage by the plaintiffs to this defendant the said plaintiffs had received from the said Junction City State Bank, acting through said S. Mogensen, the sum of $1,500.00 out of the moneys which this defendant was led to believe and did believe that the bank had in its possession to the credit of and for this defendant, and because of said matters, acts and things and belief this defendant did not take any steps to protect herself against anything that said S. Mogensen may previously have done in the way of misappropriating

her moneys or anything that said S. Mogensen may afterwards have done, but this defendant was led to believe and did believe that the said note and mortgage represented an actual loan of cash made to the plaintiff and that the plaintiffs had actually received cash''.

As to the first ground of estoppel, plaintiff did no more than defendant, which was to rely upon and trust Mogensen. If either were negligent, both were. Mogensen misappropriated defendant's funds.

In the case of *Bridges v. Hurlburt,* 91 Or. 262 (178 P. 793), relied on by defendant, plaintiffs constituted one Seckendorf their agent. This court held that the defendant in that case had a right to regard him as plaintiffs' agent and to believe that his crooked dealings were due to the acquiescence or default of the plaintiffs themselves. That was a case where plaintiffs placed Seckendorf in a position in which he could act fraudulently. In the case at bar defendant had placed Mogensen in that position by entrusting her funds to his management and control. Mogensen's misapplication of funds derived from Sorensen and supposed by defendant to be secured by a mortgage from Cartwright was the cause of the failure of defendant to obtain a valid note and mortgage from plaintiffs. Defendant, and not plaintiffs, placed Mogensen in a position to misapply the funds which otherwise would have constituted the consideration for the mortgage in suit.

It was argued that plaintiff was grossly negligent and that defendant was free from negligence. We cannot take that view. In their relations to Mogensen, both plaintiff and defendant trusted him. Both were actuated by good motives.

In reference to the second ground of estoppel, namely, plaintiff's alleged request of defendant not

to say anything about Mogensen's failure to satisfy the Williams mortgage and that plaintiff would see if he could get the matter straightened out, while it is alleged that, because thereof, defendant did not take any steps to protect herself against anything Mogensen either previously or afterwards may have done, the evidence does not disclose that defendant relied upon or was actuated by plaintiff's alleged request in her course toward Mogensen and the assertion of her rights. It is not alleged nor does it appear from the evidence wherein defendant was deprived of any right or caused to assume any position to her prejudice because of said alleged request. We think that no ground of estoppel has been established.

It is, therefore, ordered that the decree of the circuit court be and the same is reversed, and it is ordered and decreed that the promissory note for the sum of $1,500 signed by plaintiffs herein wherein the defendant is named as payee and also that certain mortgage wherein plaintiffs are grantors and defendant is grantee, appearing of record on page 55 of book No. 84 of the Mortgage Records of Lane County, Oregon, the same being of record in the office of the county clerk in and for Lane county, Oregon, are and each of them is and they are and each of them is hereby declared to be invalid, null and void, and that, unless defendant shall satisfy and discharge said mortgage of record, this decree shall stand as and for such discharge and satisfaction of said mortgage of record.

It is further ordered that neither party hereto shall recover costs or disbursements either in this court or in the circuit court.

RAND, C. J., and ROSSMAN, JJ., concur.

BELT, J., did not participate in this opinion.

## On Motion to Delete
### (24 P. (2d) 1045)

KELLY, J. The defendant has interposed a motion to delete the last clause, here italicized, from the following sentence which appears on page 2 of the opinion as typewritten:

"Mogensen testified that the loan had actually been made to his associate Mr. Murphy, *who with Mr. Pate had received a deed of trust to the Cartwright property*".

A correction should be made in that the name, Pate, should be Pope. The testimony of Mogensen attempted to be summarized by the clause sought to be stricken is as follows:

"Q. In order that we may interpret you right and get this clear: There was a man by the name of F. L. Pope, who lived at Junction City, and C. W. Murphy and yourself, and you three gentlemen made an arrangement whereby you took over all the J. R. Cartwright property?

A. That's right: that farms, not the city property.

Q. Those three, or just you, made a contract whereby you, Pope and Murphy—

A. No, that was—I was trustee when Murphy and Pope took the place over I didn't—

Q. Well eventually?

A. Cartwright owed me enough to pay for one-third interest in it.

Q. I am not interested in that.

A. That's the story.

Q. Well, finally, however, a corporation was organized and you called that—?

A. Mogensen, Pope and Murphy.

\*　　　\*　　　\*　　　\*　　　\*

Q. And that corporation took over the Cartwright property?

A. Yes sir''.

There is no direct evidence in the record of this case that any written deed of trust was executed by Cartwright or his successors or assigns whereby the Cartwright property or any interest therein was transferred in trust or otherwise to Pope and Murphy or either of them.

When the original opinion was written, the writer thought that a fair construction of the foregoing excerpt of Mogensen's testimony warranted the statement sought to be deleted. We expressly hold that such statement is not intended as, nor should it be construed to be, an adjudication that any deed of trust was executed and delivered by Cartwright conveying his property or any interest therein to Pope or Murphy or either of them, and that the same is without prejudice to the assertion by any or either of the parties hereto in any future litigation that no such deed was executed.

With this amplification of the original opinion, defendant's motion to delete is overruled.